Ray HUNTER & Helena Hunter *v.*
VIDEO REAL ESTATE AGENCY, INC.

03-1253                                          137 S.W.3d 389

Supreme Court of Arkansas
Opinion delivered December 11, 2003

*Wesley J. Ketz, Jr.*, for appellants.

No response.

PER CURIAM. Appellants, Ray and Helena Hunter, move this court for a rule on clerk. On July 31, 1998, the appellee, Video Real Estate Agency, Inc., filed a complaint against the Hunters in the Sharp County Circuit Court. At issue was the broker commission for the sale of property owned by the Hunters, known as the "Good Shepard Inn." A judgment was entered against the Hunters on December 21, 2001.

In their motion, the Hunters assert that the judgment was entered against them despite the fact they had no notice of the trial; nor were they represented by counsel, as their counsel had previously been permitted to withdraw without their knowledge on September 18, 2000. The Hunters further plead the following facts. On April 17, 2002, which was almost four months after the judgment was entered, the Hunters filed a motion to set aside the default judgment. The circuit court denied this motion on October 29, 2002. On November 15, 2002, the Hunters filed a motion to set aside and vacate judgment, for a new trial, and to extend the time in which to file an appeal (hereinafter referred to as "motion to vacate/new trial"). After a hearing on the motion on April 16, 2003, the circuit court denied the motion to vacate/new trial on July 3, 2003.

On July 14, 2003, the Hunters moved the circuit court to make further findings pursuant to Ark. R. Civ. P. 52(b). The circuit court did not rule on the motion, and it was deemed denied on August 13, 2003. The Hunters then filed their notice of appeal on July 31, 2003, and filed an amended notice of appeal on August 27, 2003. The Hunters' amended notice of appeal sought to appeal: (1) the circuit court's order of July 3, 2003, denying their motion to vacate/new trial, (2) the circuit court's December 21, 2001 judgment against them, and (3) the circuit court's deemed denial of their petition to amend or make additional facts under Rule 52(b). They next tendered the record on October 27, 2003, and the Supreme Court Clerk refused to file it. The Hunters assert that the Clerk erred in refusing to file the record as it was timely under Ark. R. Civ. P. 60(c)(1) and (4), and that they filed their notice of appeal within thirty days of the denial of their post-trial motion.

Rule 60(c)(1) of the Arkansas Rules of Civil Procedure empowers a circuit court to set aside a judgment, other than a default judgment, after ninety days, where the grounds therefor were discovered after the expiration of ninety days from the filing

of the judgment or where the ground is newly discovered evidence which the moving party could not have discovered in time to file a motion under Ark. R. Civ. P. 59(b), and further empowers the circuit court to grant a new trial. A Rule 60(c)(1) motion for new trial must be filed with the clerk of the court not later than one year after discovery of the grounds or one year after the judgment was filed with the clerk of the court, whichever is earlier, provided notice of the motion has been served within the time limit for filing the motion. *See* Ark. R. Civ. P. 60(c)(1) (2003). Rule 60(c)(4) of the Arkansas Rules of Civil Procedure provides that a circuit court may vacate or modify a judgment more than ninety days after entry of the judgment on grounds of misrepresentation or fraud.

In the instant case, the Hunters' motion to vacate/new trial alleged that (1) they failed to receive notice of the judgment, and (2) that the evidence presented to the circuit court was misrepresented by the appellee's counsel. The motion was filed on November 15, 2002, which was within one year of the judgment entered on December 21, 2001. Thus, it was timely filed under Rule 60(c)(1). This motion was denied on July 3, 2003, and the notice of appeal was filed on July 31, 2003. The notice of appeal, therefore, was timely as to the order denying the motion to vacate/new trial. We grant the motion for rule on clerk with respect to the order denying that motion.

The Hunters' notice of appeal, however, was not effective to appeal the underlying judgment of December 21, 2001, but only the order denying the motion to vacate/new trial. Rule 4(a) of the Arkansas Rules of Appellate Procedure—Civil provides that a notice of appeal must be filed within thirty days of the entry of judgment from which the appeal is taken. Under Rule 4(b)(1) of the same rules, upon timely filing of any motion to vacate, alter, or amend the judgment made no later than ten days after entry of judgment, the time for filing a notice of appeal from the judgment shall be extended for all parties. While the Hunters did file a motion to vacate/new trial on November 15, 2002, that motion was not filed within ten days of the entry of judgment, as required by the rule. Thus, it did not serve to extend the time for filing a notice of appeal from the December 21, 2001 judgment, and the Hunters' notice of appeal was untimely as to that judgment. For this reason, we deny the motion for rule on clerk, as it relates to the December 21, 2001 judgment.

In short, only the denial of the motion to vacate/new trial is appealable. We further note that the amended notice of appeal was timely with regard to the motion for additional findings of fact, which was deemed denied on August 13, 2003. The record was tendered timely on October 27, 2003, from the first notice of appeal filed on July 31, 2003. We direct the Clerk of this court to file the record.

Motion granted in part; denied in part.